Daniel King, SBN: 207911
3435 Wilshire Blvd, Ste 1111
Los Angeles, CA 90010

Tel: (213)880-2723
djyking@gmail.com

Attorney for Defendant Matthew Lorenc

FILED
2020 JAN 27 AM 9:45
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, ET AL,<br><br>REMAINING DEBTORS. | CHAPTER 11<br><br>Case No. 17-12560(BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE WOODBRIDGE LIQUIDATION TRUST,<br><br>PLAINTIFF,<br><br>VS.<br><br>MATTHEW LORENC,<br><br>DEFENDANT. | Adversary Proceeding<br>Case No. 19-50979 (BLS)<br><br>**DEFENDANT'S ANSWER TO ADVERSARY COMPLAINT FOR 1) AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS AND 2) SALE OF UNREGISTERED SECURITIES, FOR FRAUD, AND FOR AIDING AND ABETTING FRAUD.** |

Defendant, Matthew Lorenc, by and through counsel, answers the adversary complaint for 1) avoidance and recovery of avoidable transfers and 2) sale of unregistered securities, for fraud, and for aiding and abetting fraud and asserts his affirmative defenses as follows:

///

1
**DEFENDANT'S ANSWER TO ADVERSARY COMPLAINT**

## NATURE OF THE ACTION

1. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore they are deemed denied.

2. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore they are deemed denied.

3. Admit.

## JURISDICTION AND VENUE

4. Paragraph 4 contains conclusions of law to which no response is required. Defendant admits, however, that this Court has the power to enter final orders or judgment on all counts, including non-core counts, if the parties consent.

5. Paragraph 5 contains conclusions of law to which no response is required.

## THE PARTIES

6. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore they are deemed denied.

7. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore they are deemed denied.

8. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore they are deemed denied.

9. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore they are deemed denied.

10. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore they are deemed denied.

11. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore they are deemed denied.

12. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore they are deemed denied.

13. Admit that Defendant is an individual residing in the state of California. Denied as to "upon information and belief, Defendant acted as a financial advisor and/or broker that sold securities to the public and provided investment services."

14. Denied.

## FACTUAL BACKGROUND

15. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore they are deemed denied.

16. Denied as to "the securities sold by Defendant…no applicable exemption from registration." Admit as to Defendant was not a registered as broker-dealers with SEC or applicable state agencies."

17. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore they are deemed denied. Further, Defendant denies any implication that he "told" Investors that "they were investing money to be loaned…protected by security interests and/or mortgages against such properties." Defendant further denies that he was one of Shapiro's "lieutenants" who "represented to Investors that Debtors' profits…and the interest rate it paid Investors."

18. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore they are deemed denied. Defendant further denies any implication that he received "brokers' commissions" as alleged in said paragraph.

19. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore they are deemed denied.

20. Denied that "Defendant received transfers...including commission payments and other compensation" insofar as such statement implies Defendant received such transfers as a "financial advisor and/or broker" as alleged in paragraph 13.

21. Denied that "Defendant received transfers...including commission payments and other compensation" insofar as such statement implies Defendant received such transfers as a "financial advisor and/or broker" as alleged in paragraph 13.

### FIRST CLAIM FOR RELIEF

Avoidance and Recovery of Preferential Transfers

22. Defendant incorporates by reference his answers to the preceding paragraphs as if set forth at length herein.

23. Paragraph 23 contains conclusions of law to which no response is required.

24. Paragraph 24 contains conclusions of law to which no response is required. By way of further answer, Defendant denies that "the 90 Day Transfers were made to or for the benefit of Defendant on account of an antecedent debt..."

25. Paragraph 25 contains conclusions of law to which no response is required.

26. Paragraph 26 contains conclusions of law to which no response is required.

///

///

## SECOND CLAIM FOR RELIEF

Avoidance and Recovery of Actual Intent Fraudulent Transfers – Bankruptcy Code

27. Defendant incorporates by reference his answers to the preceding paragraphs as if set forth at length herein.

28. Paragraph 28 contains conclusions of law to which no response is required.

29. Paragraph 29 contains conclusions of law to which no response is required.

30. Denied.

31. Paragraph 30 contains conclusions of law to which no response is required.

## THIRD CLAIM FOR RELIEF

Avoidance and Recovery of Constructive Fraudulent Transfers – Bankruptcy Code

32. Defendant incorporates by reference his answers to the preceding paragraphs as if set forth at length herein.

33. Paragraph 33 contains conclusions of law to which no response is required.

34. Paragraph 34 contains conclusions of law to which no response is required.

35. Denied.

36. Paragraph 36 contains conclusions of law to which no response is required.

## FOURTH CLAIM FOR RELIEF

Avoidance and Recovery of Actual Intent Voidable Transactions – State Law

37. Defendant incorporates by reference his answers to the preceding paragraphs as if set forth at length herein.

38. Paragraph 38 contains conclusions of law to which no response is required.

39. Paragraph 39 contains conclusions of law to which no response is required.

**DEFENDANT'S ANSWER TO ADVERSARY COMPLAINT**

40. Denied.

41. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 41, and therefore they are deemed denied.

42. Paragraph 42 contains conclusions of law to which no response is required.

43. Paragraph 43 contains conclusions of law to which no response is required.

### FIFTH CLAIM FOR RELIEF

Avoidance and Recovery of Constructive Voidable Transactions – State Law

44. Defendant incorporates by reference his answers to the preceding paragraphs as if set forth at length herein.

45. Paragraph 45 contains conclusions of law to which no response is required.

46. Paragraph 46 contains conclusions of law to which no response is required.

47. Denied.

48. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 48, and therefore they are deemed denied.

49. Paragraph 49 contains conclusions of law to which no response is required.

50. Paragraph 50 contains conclusions of law to which no response is required.

### SIXTH CLAIM FOR RELIEF

Sale of Unregistered Securities (Securities Act Sections 5(a), 5(c), and 12(a))

51. Defendant incorporates by reference his answers to the preceding paragraphs as if set forth at length herein.

52. Denied.

53. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 53, and therefore they are deemed denied.

54. Denied as to the entirety of Paragraph 54.

55. Denied.

56. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 56, and therefore they are deemed denied.

57. Denied.

## SEVENTH CLAIM FOR RELIEF

### Fraud

58. Defendant incorporates by reference his answers to the preceding paragraphs as if set forth at length herein.

59. Denied. By way of further answer, Defendant denies making any statements to any Investor.

60. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 60, and therefore they are deemed denied. By way of further answer, Defendant denies making any statements to any Investor.

61. Denied. By way of further answer, Defendant denies making any statements to any Investor.

62. Denied. By way of further answer, Defendant denies making any statements to any Investor.

63. Denied. By way of further answer, Defendant denies making any statements to any Investor.

## EIGHTH CLAIM FOR RELIEF

### Aiding and Abetting Fraud

64. Defendant incorporates by reference his answers to the preceding paragraphs as if set forth at length herein.

65. Denied. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 65, and therefore they are deemed denied.

66. Denied.

67. Denied.

68. Denied. By way of further answer, Defendant admits receiving income and commissions but not as an aider and abettor to Shapiro and/or his "lieutenants"; Defendant received income and commissions only as a W-2 employee (see affirmative defense)

69. Denied.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "**WHEREOF**" clause following paragraph 69, including subparts (1) through (7), and respectfully requests the Court dismiss the Complaint in its entirety and enter judgment in its favor and against Plaintiff.

///

///

///

8

**DEFENDANT'S ANSWER TO ADVERSARY COMPLAINT**

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant Matthew Forenc upon which relief may be granted.

### SECOND DEFENSE

Defendant Matthew Forenc was a W-2 employee who started work for Debtor Woodbridge Group of Companies on May 9, 2016 and whose employment with Debtor was terminated on December 4, 2017 upon learning that Debtor filed for bankruptcy for the purported purpose of restructuring its loan program. Defendant's was given a phone script (to which Defendant strictly abided by per instruction by management) and a lead list and whose responsibility was to cold-call consultants, third party individuals and/or entities (who were not Investors as defined in the Complaint) to determine whether said consultants would be interested in offering Debtor's loan opportunities to their clients and/or contacts. At no time during his period of employment with Debtor did Defendant engage in any conversation of any kind with any Investor. Further, at no time during his period of employment with Debtor did Defendant create or assist in creating any marketing material, presentations, advertisements or any other content, electronic or otherwise, related to the promotion of loan opportunities or any purported business of Debtor. Defendant is not and never was a financial advisor or broker/dealer or purported to be one and in that regard did not engage in the sale of unregistered securities to anyone. Further, Defendant never had any contact of any kind directly or indirectly during his time of employment or any other time with Robert Shapiro, the alleged mastermind of the Ponzi Scheme as alleged in the Complaint.

Defendant, as a sales associate and W-2 employee, was given a salary of $70,200 per year; this was compensation (paid weekly in the amount of $1350) paid to Defendant for his attendance and fulfilling the responsibilities of the position. The only other compensation Defendant received was a 1.00% referral fee he received if said third party consultants proceeded to engage in the purported loan program offered by Debtor. Defendant was paid contemporaneously by Debtor for fulfilling his employment duties only; he was at no time during his employment a creditor to Woodbridge (Debtor) who was paid in connection with an antecedent debt owed to him by Debtor.

Respectfully submitted,

Dated: January 20, 2020        By: _____
                                   Daniel King, attorney for
                                   Matthew Lorenc

**DEFENDANT'S ANSWER TO ADVERSARY COMPLAINT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document **DEFENDANT'S ANSWER TO ADVERSARY COMPLAINT FOR 1) AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS AND 2) SALE OF UNREGISTERED SECURITIES, FOR FRAUD, AND FOR AIDING AND ABETTING FRAUD** was this date served upon counsel of record for Plaintiff by placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follows:

Jason Pomerantz, Esq.  
PACHULSKI STANG ZIEHL JONES LLP  
10100 N Santa Monica Blvd  
Los Angeles, CA 90067  

Colin R. Robinson, Esq.  
PACHULSKI STANG ZIEHL & JONES LLP  
919 N. Market St, 17th Floor  
Wilmington, DE 19899  

Los Angeles, California, this 20th day of January 2020.

By: _____  
Daniel King, Esq.  
3435 Wilshire Blvd, Ste 1111  
Los Angeles, CA 90010



FILED 2020 JAN 27 AM 9:46 U.S. BANKRUPTCY CLERK DISTRICT OF DELAWARE

11

**DEFENDANT'S ANSWER TO ADVERSARY COMPLAINT**